# Traders' Insurance Co. *v.* Letcher.

### *Action on Policy of Insurance against Fire.*

1. *Insurance; clause in policy requiring production of books, accounts, etc.; to what applies.*—A clause in a policy of insurance against fire, requiring production of books, accounts, bills, invoices, and other vouchers, or certified copies thereof, applies to stocks of merchandise, and has no application when property insured consists of household effects.

2. *Same; waiver of clause in policy against additional insurance; what necessary to constitute.*—To constitute a waiver of a clause in an insurance policy, that the same shall be void if additional insurance is procured, in the absence of an agreement waiving such clause, the insurer must have known of such additional insurance, and, after such knowledge, its conduct must have been such as to reasonably imply a purpose on its part not to insist upon a forfeiture.

3. *Same; same; same.*—A general agent of an insurance company, with authority to waive a stipulation in a policy against other insurance, can bind such company by waiving such stipulation, even after his agency had terminated, in favor of a policy holder having no notice of the termination of his agency; but the fact that such former agent procures additional insurance for the policy holder in another company, or, as the agent of another company, issues another policy of insurance on the same property, does not operate as a waiver of such stipulation, in the absence of averment and proof that such former agent was acting for his former principal.

4. *Same; notice to agent; when notice to principal.*—Notice to the agent is not notice to his principal, unless acquired while transacting the business of the principal as his agent.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was an action brought on the 25th day of July, 1903, by Mrs. J. C. Letcher, appellant, against the Traders' Insurance Company, appellee, for $200.00, the value of certain household and kitchen furniture, etc., alleged to have been insured under a certain policy of insurance in said company, and which was alleged to have been destroyed by fire on the 31st day of December, 1902.

The defendant pleaded the general issue and the following special pleas: 2. "That in the policy of insurance issued by the defendant to the plaintiff there was the following clause, to-wit: 'This entire policy, unless otherwise provided by agreement endorsed hereon, or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy.' And defendant saith that after said policy was issued and on, to-wit: during the month of November, 1902, the plaintiff did procure other and additional insurance on the property insured by the policy sued on in this cause in the London Insurance Company to the extent of five hundred dollars, and that no agreement for said additional insurance was ever endorsed on said policy or added thereto by the defendant." 3. "That there was a clause in the policy which was the basis of this suit in the following language, to-wit: 'The insured as often as required * * * * * shall produce for examination all books, accounts, bills, invoices, and other vouchers, or certified copies thereof, if original be lost, at such reasonable place as may be designated by this company, or its representative, and shall permit extracts or copies thereof to be made.' And defendant saith that after the alleged loss occurred and before this suit, defendant did require of the plaintiff that she produce the bills showing from whom she purchased the goods alleged to have been destroyed by fire, either at the room of its general agent at the hotel at Montgomery, or at the office of its local agent at Montgomery, or at the office of its general agent at Atlanta, and defendant avers that plaintiff did not produce any bill or copy of a bill for any of the articles alleged to have been lost, nor any certified copies of the same."

The plaintiff demurred to the 3rd plea on the ground "That the policy of insurance sued upon covered household furniture and effects, and it was not the intention of the parties to said contract of insurance, nor within their contemplation when said contract was made that the plaintiff should keep books of account, bills, invoices or other vouchers, showing the value of the property covered by the policy." This demurrer was sustained.

26s

To the 2nd plea, the plaintiff filed the following seven special replications: 1. "That prior to the loss complained of in the complaint, W. A. Saffold was the general agent for the defendant in the vicinity where the property covered by the policy of insurance declared upon was located, with authority from the defendant to write insurance, collect premiums and act generally as its agent for such purposes, and for the purpose of making insurance contracts for the defendant, with authority to waive the conditions set out in defendant's plea, and was the agent of the defendant who entered into the contract sued upon on behalf of defendant; that he was supplied with blank policies signed by the President and Secretary of defendant, to be binding on defendant when countersigned by said W. A. Saffold; that the policy of insurance sued upon was one of said policies so issued to plaintiff by the defendant, and was drawn up and became binding on defendant on its having been countersigned by the said W. A. Saffold. And that plaintiff alleges that prior to the loss complained of, said Saffold, being such agent of defendant, was informed of the matters and things contained in said plea of defendant, but the defendant, although it had reasonable time in which to do so, made no objection thereto prior to said loss." 2. "Said additional insurance was effected by W. A. Saffold, the agent of defendant, who had authority, as the agent of defendant to waive the conditions set out in said plea, and the defendant did not express its disapproval as to such additional insurance, and made no objection thereto prior to the loss complained of."

3. "Before such loss occurred, notice of such additional insurance was given to the defendant, and no objection was made thereto by said defendant prior to such loss; and the defendant had a reasonable time after such notice and before loss within which to make such objection." 4. "Before such loss notice of such additional insurance was given to defendant by the plaintiff, and the said defendant made no objection or dissent thereto and did not cancel the said policy and did not return the unearned premium therefor; and the defendant had a reasonable time in which to make such objection or dissent,

to cancel said policy and return said unearned premium after such notice was given and before such loss occurred." 5. "Before such loss occurred, the defendant, with notice of such additional insurance, waived the grounds set up in its second plea by failing to make objection within a reasonable time, to such additional insurance; and the defendant had a reasonable time in which to make objection after such notice and before such loss occurred."

6. "Before such loss occurred, the defendant, with notice of such additional insurance, waived the grounds set up in its 2nd plea by failing to make objection to or dissent from such additional insurance, and by failing to cancel said policy and to repay to plaintiff the unearned premium thereon; and the defendant had reasonable time within which to make such objection and dissent, cancellation and repayment after notice had and before such loss occurred." 7. (As amended.) "That W. A. Saffold, who was at the time of the issuance of the policy sued upon, the general agent of the defendant company in the city and vicinity of Montgomery, Alabama, with full power and authority to waive the provision in the policy set forth in said plea, and who as such agent issued to the plaintiff the policy sued upon, had, at the time such additional insurance was procured, notice of, and consented to, such additional insurance mentioned in said plea, and that the said Saffold was at the time the said additional insurance was procured, the general agent of the defendant company, as aforesaid, or if such agency had ceased at such time, the plaintiff had no knowledge or notice of the termination of such agency. Whereupon plaintiff says that the condition of the policy mentioned in said plea was waived."

The defendant filed the following demurrers to the replications numbered 1, 2, 3, 4, 5, 6 and 7, separately and severally: 1. "Because said replication fails to allege that Saffold was acting within the scope of his authority and employment, when he was informed of the additional insurance obtained by plaintiff." 2. "Because said replication fails to allege that Saffold the alleged agent of defendant, was informed of the additional insurance set

up and mentioned in defendant's plea while in the performance of service to the defendant." 3. "Because said replication fails to allege that Saffold was engaged in any business for defendant or was at the time he received knowledge of the additional insurance in the employment of defendant or that said information was imparted to him as the agent of the defendant." 4. "Because said replication seeks to set up an estoppel by mere silence." 5. "Because said replication fails to set up any facts or conduct on the part of the defendant, or its agent which would amount to an estoppel." 6. "Because the plea of defendant sets up facts showing that the additional insurance avoided the policy sued on and no facts are alleged in the replication showing that defendant did anything or any act restoring the policy." 7. "Because said replication fails to aver that Saffold or any authorized agent of the defendant consented to the additional insurance mentioned in the plea by an endorsement in writing as required by the stipulations in the policy sued upon as set up in the plea." And the defendant demurred to the 7th replication, as amended, on the following additional grounds: 1. "It assigns the several grounds already assigned to said replication." 2. "Because said plea does not state with certainty whether Saffold was the agent of defendant at the time he received notice of the additional insurance, but avers in the alternative that he was either such agent, or if not, plaintiff did not know it, or had no knowledge of the termination of his agency."

3. "Because said replication sets up that Saffold's agency may have terminated before he consented to such additional insurance." 4. "Because said plea does not aver with certainty that Saffold was acting as the agent of defendant or holding himself out as the agent of the defendant at the time he received notice of the additional insurance."

The demurrers to replications 1, 2, 3, 4, 5 and 6 were overruled. The demurrer to the 7th replication, as amended, was sustained.

The plaintiff then filed his 8th replication: 8. "That W. A. Saffold was at the time of the issuance of the

policy sued upon the agent of the defendant company in the city and vicinity of Montgomery, Ala., with full power and authority to waive the provision in the policy set forth in said plea. That thereafter the agency of Saffold as aforesaid was terminated without any notice to the plaintiff; that thereafter the plaintiff without any knowledge or notice of the fact that the agency of Saffold had been so terminated as aforesaid, applied to said Saffold for additional insurance on the property covered by the policy of insurance sued upon, and said Saffold without notifying plaintiff that he was no longer the agent of defendant issued to plaintiff additional insurance on said property in another insurance company, wherefore plaintiff says the defendant waived the condition of the policy mentioned in said plea." The defendant demurred to the 8th replication on the following grounds: 1. "Defendant assigns as grounds of demurrer to said replication the several grounds heretofore assigned to replications from 1 to 7 inclusive." 2. "Said replication fails to aver that Saffold was acting or pretending to act as the agent of defendant at the time plaintiff applied to him for additional insurance." 3. "Said replication fails to aver that Saffold did any act showing or tending to show or that would lead plaintiff to believe that he was acting as defendant's agent." 4. "Said replication shows on its face that plaintiff accepted the additional insurance from Saffold as the agent of another insurance company." 5. "Said replication fails to aver that plaintiff applied to Saffold as the agent of defendant for the additional insurance." 5. "Said replication shows on its face that in the dealings with Saffold about additional insurance the said Saffold was acting as the agent of another insurance company and was not acting as the agent of the defendant company." 7. "Said replication fails to aver any facts showing or tending to show that Saffold did anything that misled plaintiff into believing that Saffold was still the agent of defendant at the time plaintiff obtained the additional insurance policy from him." The demurrer to the 8th replication was overruled.

The plaintiff filed the following rejoinder to replications 1, 2, 3, 4, 5, and 6: 1. "The general issue." 2.

"That one of the stipulations in the policy sued on by the plaintiff is as follows: 'This policy is made and accept-ed subject to the foregoing stipulations and conditions, together with such other provisions, agreements or con-ditions, as may be endorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have power to be deemed to have held or have waived such provisions or conditions, unless such waiver, if any, shall be written upon or at-tached thereto, nor shall any privilege or permission af-fecting the insurance under this policy exist or be claimed by the insured, unless so written or attached.' And defendant alleges that the waiver set up by the said rep-lications and relied upon by plaintiff as a reply to plea number one was not in writing and was not endorsed upon, attached or appended to said policy." 3. "Defend-ant further says by way of rejoinder to said replications, that Saffold at the time he received notice of the addi-tional insurance was not the agent of defendant and did not hold himself out to be such agent and was not doing any act pertaining to the business of defendant." The defendant also filed special rejoinders to the 8th repli-cation, which it is unnecessary to set forth here, as said replication was held to be bad in the appellate court.

The plaintiff demurred to the 2nd rejoinder on the fol-lowing grounds: 1. "It was competent for the defend-ant to waive the provision in the policy mentioned in said rejoinder in the manner set out in said replication." 2. "Under the facts alleged in said rejoinder, the de-fendant waived the stipulation in the policy set forth in said rejoinder." 3. "By the act and conduct of the de-fendant, or its agent, the provision in the policy, set forth in said rejoinder, was waived notwithstanding the statement or stipulation therein that such waiver should be in writing upon or attached to said policy." 4. "Said rejoinder is not as broad as it professes to be." 5. "Said

[Traders' Insurance Co. v. Letcher.]

rejoinder neither denies the allegations of said replications, nor sets up any matter in avoidance thereof."

And the plaintiff also demurred to the 3rd rejoinder and assigned the following grounds: 1. "Said rejoinder denies that Saffold was the agent of the company at the time of notice of the additional insurance, but it does not deny that Saffold was such agent when it issued the policy sued upon, and it does not allege that plaintiff was informed or had any notice of the termination of such agency." 2. "It does not appear from replications 1, 2 and 3, severally, that the said Saffold was the agent of the defendant company when the policy sued upon was issued, having the authority to waive the provisions in said policy mentioned in said rejoinder, yet said rejoinders do not allege that the termination of the authority of said Saffold as such agent was known to the plaintiff, or that she had any knowledge or information thereof prior to the loss complained of." 3. "The 7th replication alleges that said Saffold was, at the time said additional insurance was procured, either the agent of the defendant company, having the authority therein mentioned, or if such agency had terminated after the issuance of the policy sued upon, plaintiff had no knowledge or notice of such termination or want of authority in said Saffold, and said replication set up no such matter in avoidance of said replication No. 7." 4. "The 3 replication alleges that the defendant received notice of such additional insurance before the loss occurred, and no objection thereto was made by it prior to such loss, and no matter in avoidance thereof is set up in said rejoinder." 5. "Said rejoinder is not as broad as it professes to be." 6. "Said rejoinder neither denies the allegations contained in said replication, nor sets up any matter in avoidance thereof." These demurrers were sustained by the court.

Issue being joined, the cause was submitted to the court for decision without the intervention of a jury.

On the trial of the cause, the evidence showed the following facts:

That, when the policy sued upon was issued, W. A. Saffold was the agent of the defendant company, with au-

thority to write policies and grant permits for additional insurance; that, after the policy sued upon was issued, and after Saffold had ceased to be the agent of defendant company, plaintiff requested Saffold to write additional insurance, and that Saffold did so and brought plaintiff a policy in the London Assurance Company for $500.00 on the same goods; that defendant paid for the policy; that nothing else was said about it; that nothing was said about the policy sued upon, nor about any permit for such additional insurance; that, at the time of the issuance of the policy in the London Company the plaintiff had no information or notice whatever of any character from Saffold, or any one else, that he was no longer the agent of the defendant, and that plaintiff did not, at or previous to that time, or subsequent to that time, until after the fire, have any notice or information that he had ceased to be the agent of the defendant. Plaintiff introduced evidence from which it was made to appear that the property destroyed by fire was fairly and reasonably worth, at the time of such loss, $1,300.00, and that proof of loss was made within the time required by the policy, and that defendant was liable, if at all, for full amount of policy sued upon.

The court rendered judgment for the plaintiff for the sum of $211.50. The defendant appeals and assigns as error the several rulings of the trial court, as shown above.

RAY RUSHTON, for appellant.—Clause requiring production of books, accounts, bills, etc.—*Fleisch v. Ins. Co. of N. America,* 58 Mo. App. 596; *Niagara Ins. Co. v. Forham,* 169 Ill. 626; *Blakely v. Phoenix Ins. Co.,* 20 Wis. 205; *Bonner v. Home Ins. Co.,* 13 Wis. 667. Notice to the agent is not notice to the principal, unless acting within scope of his (former) authority, or it comes to the agent in transacting business of his principal, and knowledge acquired while acting for himself, or another, is not notice to his principal.—*Terrell v. Branch Bank,* 12 Ala. 502; *Reed v. Bank of Mobile,* 70 Ala. 211; *Mundine v. Pitts,* 14 Ala. 90; *Weiland v. McCreery* 64 Ala. 329; *Frenkel v. Hudson,* 82 Ala. 162; *Cent. of Ga. v. Joseph,* 125 Ala. 319; Wharton on Agency, § 123.

[Traders' Insurance Co. v. Letcher.]

STEINER, CRUM & WEIL, *contra.*—Production of books, accounts, bills, etc., not required on household goods;— *Tubbs v. Insurance Co.,* 106 *Ala.* 651. Notice.—*Alabama State Mutual Assurance Co. v. Long, supra; Continental Insurance Co. v. Brooks,* 131 Ala. 614; *Southern Life Ins. Co. v. McCain,* 96 U. S. 84; *Burlington Ins. Co. v. Threlkeld,* 31 S. W. Rep. 265; Notes to U. S. Rep. Vol. 9, p. 374, under 96 U. S., p. 84.

TYSON, J.—Action on policy of fire insurance.

The property covered by the policy, which was destroyed, was household and kitchen furniture. The third plea of defendant, which sought to set up as a defense a certain term of the policy, failed to aver that plaintiff was under any duty to comply with it and for this reason, if for no other, was subject to the demurrer interposed to it. But aside from this, we feel no hesitancy in holding that the clause of the policy recited in this plea was not intended to impose, and did not impose, any obligation upon the insured with respect to the property covered by the policy.

The cases relied upon by appellant as sustaining the reasonableness and validity of the clause requiring the production of books of account, etc., by the insured, involved losses covering stocks of merchandise kept by the insured for sale, and, therefore, have no application to this case.

To the second plea, the plaintiff filed eight special replications attempting to set up a waiver by defendant of the stipulation relied upon in the plea as a defense. The third, fourth, fifth and sixth of these replications are copies of those held sufficient in *Ala. State M. A. Co. v. Long C. & S. Co.,* 123 Ala. 667. There was no error in overruling the demurrer to each of them.

Manifestly, to bind defendant by a waiver of the stipulation, it is necessary to trace knowledge to it of the fact that the second policy had been procured by plaintiff, and that, after knowledge of that fact, its conduct has been such as to reasonably imply a purpose on its part not to insist upon a forfeiture (*Ala. State M. A. Co. v. Long, supra*), in the absence of an agreement to that effect.—*Central Fire Insur. Co. v. Brooks,* 131 Ala. 614.

The first and second of these replications seek to invoke the principle of waiver, not upon an agreement, but upon the one first pointed out above. · It is not averred in either of them that Saffold was acting for and in behalf of defendant as its agent in procuring the additional insurance for plaintiff. *Non constat,* he represented the plaintiff in procuring the second policy, or the London Insurance Company that issued it. If he was defendant's agent at the time the second policy was issued, the acquisition of the knowledge of its issuance, while acting for plaintiff or the London Company, would not be the knowledge of the defendant company, since it was not acquired by him while transacting the business of defendant as its agent. —*Central of Ga. Ry. v. Joseph,* 125 Ala. 313, 319 and cases there cited. The demurrers to these replications should have been sustained.

It is undoubtedly true that, if Saffold was the general agent of defendant with authority to waive the stipulation in the policy alleged in the plea, and after his agency had terminated he made an agreement with plaintiff by which the stipulation was waived, and she had no notice of the fact of the termination of his agency, that the defendant would be bound by his agreement with her. This was the principle asserted and applied in the case of *Continental Insurance Co. v. Brooks, supra,* which is founded on the familiar doctrine there expressed that "Where third parties have dealt with an agent clothed with general powers, the agency continues as to them, after revocation, until they have notice thereof." In such case the party dealing with the agent is not bound to inquire into his authority to bind his former principal, and in the absence of notice of his right to represent his former principal may assume that he has such authority.

The replication in the case last cited, after averring that Pennington was the general agent of the company with authority to waive the stipulation set up in the pleas, alleged that being such agent he was informed of the matters and things contained in said pleas of defendant and *agreed* and *consented thereto.*

The seventh replication, as amended, doubtless was intended to assert this defense. While it is perhaps de-

fective in failing to aver with distinctness and certainty an agreement between Saffold as agent and plaintiff, it was not subject to any one of the assignments of the demurrer interposed to it.

The eighth replication is clearly bad. It is wholly insufficient in its averments to show a waiver by defendant under either of the principles declared above. The second and third rejoinders by defendant, to which a demurrer was sustained, were clearly no answer to the 3rd, 4th, 5th and 6th replications. It is unnecessary to consider the special rejoinders to the 8th replication since that replication has been held to be bad.

Reversed and remanded.

McCLELLAN, C. J., DOWDELL and DENSON, J.J., concurring.