# Home Insurance Co. of New York v. Morrow.

*Action on Insurance Policy.*

(DECIDED Nov. BC, 1905, 39 So. REP. 587.)

*Insurance; Fire Policy; Additional Insurance; Construction.*— A phrase in an insurance policy "$1,500 total concurrent insurance permitted, including this policy" limits the total amount of insurance to $1,500, and does not allow $1,500 additional insurance.

APPEAL from Marengo Circuit Court.
Heard before Hon. A. H. ALSTON.

This was an action begun by Morrow to recover on an insurance policy issued to him by appellant on a storehouse and stock of goods which was burned. The pleadings and the trial court's action thereon together with the facts in the case sufficiently appear in the opinion of the court.

MCDANIEL & POWELL, for Appellant.—The court erred in overruling appellants demurrer to replication of appellee to appellant's pleas. It is a well settled rule in insurance law that clauses in insurance policies providing against additional or over insurance is fair and just. —*Phoenix Ins. Co. v. Boulden,* 96 Ala. 609; *Queen Ins. Co. v. Young,* 86 Ala. 426; *Phoenix Ins. Co. v. Copeland,* 90 Ala. 389; Same case, 86 Ala. 551; *Allen v. German American Insurance Co.,* 123 N. Y. 6. Procuring addi-

[Home Insurance Co. of New York v. Morrow.]

tional insurance before or subsequent, without consent of the company vitiates the policy. Authorities supra; 2 May on Insurance, (4th Ed.) pp. 799, 814; *Alabama State Mutual Insurance Co. v. Long,* 123 Ala. 667. The clause in the policy referred to is a limitation upon the amount of insurance allowed including the amount of the policy itself, and is not susceptible to the construction that the sum of $1500 in addition to the amount of the policy is allowed.—*East Texas F. Insurance Co. v. Blum,* 76 Tex. 653; *Phoenix Ins. Co. v. Bouldin, supra;* 6 Am. & Eng. Ency. of Law, 433; 16 Ib. 826; Clarke on Contracts, 564; 8 Cyc. 553.

ELMORE & HARRISON, for Appellee.—If the terms of the policy admit of two constructions equally reasonable, the general rule is that the construction most favorable to the assured must be given.—*Mobile Marine v. McMiller,* 27 Ala. Ala. 77; 16 Am. & Eng. Ency. of Law, p. 863.

Where an insurer issued a policy and a permit for concurrent insurance, other insurance is concurrent.—*Corkery v. S. F. I. Co.,* 99 Iowa, 382; *Cowart v. Capital City Insurance Co.,* 114 Ala. 360.

The caes of *L'Engle v. Scottish Union* (Florida), 37 So. Rep. 462, is on all fours with this case.

DOWDELL, J.—The complaint as originally filed contained 15 counts, but was subsequently amended by striking out all the counts except the first 4. These four counts declared on a policy of fire insurance and were substantially in Code form. The eighth, ninth, tenth, eleventh, and fourteenth pleas, in answer to the complainant, set up the defense of a breach of the conditions of the contract sued on, in that the plaintiff, at the time of obtaining the insurance and procuring the policy, had other and additional insurance upon the property insured. To these pleas the plaintiff filed special replication, setting up a permit by the defendant for $1,500 total concurrent insurance, including said policy, which said permit, it is averred, was indorsed on or added to said policy before the same was issued. The

permit, averred in the replication to have been indorsed on or addd to said policy, was in words and figures as follows: "$1,500 total concurrent insurance permitted, including this policy." The defendant demurred to the replication on the several grounds specified in the demurrer.

The court overruled the demurrer, and in so doing committed error. To our minds it needs no argument to demonstrate that the language employed in the permit for concurrent insurance was a limitation upon the total amount of insurance to be put upon the property insured. By no rule of construction can it be said, from the language employed, namely, "$1,500 total concurrent insurance permitted, including this policy," that it was intended that $1,500 additional insurance should be allowed. Such a construction would do violence to the plain meaning of the terms of the permit. The decision in the case of *L'Engle v. Scottish Union & National Insurance Company*, (Fla.) 37 South. 462, 67 L. R. A. 581, cited and relied upon by counsel for appellee as being "on all fours" with the present case, was by a divided court. Without approving or disapproving what was there said, it is sufficient to say that the facts differentiate the present case from that one. The terms of the permit endorsed on the policies as to concurrent insurance were very different.

There are other questions presented by the record; but we need not consider them, since the one which we have passed upon above is conclusive of the case. It was not denied, but was admitted by the plaintiff, on the trial below, that at the time he obtained the policy sued upon he had other insurance on the property in question to the amount of $1,500 in the Aetna Insurance Company of Hartford.

For the error pointed out, the judgment of the court will be reversed, and the cause remanded.

Reversed and remanded.

HARALSON, ANDERSON, and DENSON, JJ., concur.