(114 So. 187)

### AMERICAN INS. CO. OF CITY OF NEWARK, N. J., v. INZER. (7 Div. 737.)

Supreme Court of Alabama. Oct. 13, 1927.

**I. Insurance** ⬅379(1)—**Agent's inducing applicant to state that he had no other insurance estopped insurer from setting up another policy as defense or for purpose of prorating.**

Where soliciting agent for insurance company induced applicant to state in his application that he had no other insurance, after applicant had fully stated the existence and status of a previous policy, such conduct estopped insurer from setting up the existence of another policy either as a defense or for purpose of prorating loss, since conduct of agent within scope of authority is binding on principal.

**2. Insurance** ⬅379(1)—**Insured may rely on information given him by insurer's agent in procuring policy.**

Insured had right to rely on statements and information given him by insurer's agent in procuring policy.

**3. Insurance** ⬅115(5)—**Assignee of mortgage covering crops had insurable interest in such crops.**

Where mortgage covering crops was assigned before issuance of insurance policy, assignee had at least such equitable rights as to give him insurable interest therein.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action by J. C. Inzer against the American Insurance Company of the City of Newark, N. J. From a judgment for plaintiff, defendant appeals. Affirmed.

W. T. Murphree, of Gadsden, for appellant.

Appellee had no right to recover for crops destroyed, having no insurable interest therein. Comm. F. I. Co. v. Capital City Ins. Co., 81 Ala. 320, 8 So. 222, 60 Am. Rep. 162. It was not competent to introduce parol testimony of what occurred at the time of taking the application for the insurance, not stated in the application. Blanks v. Moore, 139 Ala. 624, 36 So. 783; Miles v. Sledge, 157 Ala. 528, 47 So. 595; 3 Cooley's Briefs, 2656; Northern Assur. Co. v. Grand View Bldg. Ass'n., 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213. A soliciting agent has no authority to waive conditions of the policy against additional insurance. Ala. St. Mut. Ins. Co. v. Long Clo. Co., 123 Ala. 667, 26 So. 655. Existence of the Home policy rendered the policy in suit void. Phœnix Ins. Co. v. Copeland, 90 Ala. 386, 8 So. 48. At any rate, the loss should have been prorated. 26 C. J. 362.

Goodhue & Lusk, of Gadsden, for appellee.

The assignee of a mortgage has an insurable interest in the property covered by the

mortgage, measured by the whole amount secured by and unpaid on the mortgage. Creed v. Sun Fire Office, 101 Ala. 522, 14 So. 323, 23 L. R. A. 177, 46 Am. St. Rep. 134; Birmingham Trust Co. v. Howell, 202 Ala. 39, 79 So. 377; Union Ins. Co. v. Sudduth, 212 Ala. 649, 103 So. 845; 26 C. J. 29; 41 C. J. 672, 677; Avondale Mills v. Abbott, 214 Ala. 368, 108 So. 31. Defendant is estopped from disputing the construction placed by its agent on the state of facts correctly and truthfully stated to the agent by the applicant for insurance. Insurance Co. v. Wilkinson, 13 Wall. 222, 20 L. Ed. 617; Continental v. Chamberlain, 132 U. S. 304, 10 S. Ct. 87, 33 L. Ed. 341; New Brunswick Co. v. Nichols, 210 Ala. 63, 97 So. 82; 26 C. J. 310; 14 R. C. L. 1174.

ANDERSON, C. J. [1, 2] The proof shows that Goddard was defendant's soliciting agent; that the policy had to be countersigned by him to become effective; that it was so countersigned and delivered to the insured. It also appears that Goddard took the insured's application and while preparing same was fully and fairly informed of the existence and status of the previous policy in the Home Company and informed said insured that said Home policy was not an existing one within the terms of the application and thereby induced him to state in the application that he had no other insurance. This conduct would, of course, estop Goddard from setting up the existence of the Home policy to defeat a recovery upon the present policy and would therefore estop this defendant, if Goddard was acting within the line and scope of his authority when receiving the information as to the Home policy and in explaining to and instructing the insured that it was not an existing policy within the meaning of the application as to other insurance. Goddard, who was defendant's soliciting agent and was directing the insured in the preparation of the application, was, no doubt, familiar with the questions involved, and the insured had a right to rely on the statement and information given him by defendant's agent in procuring the policy. Our court has held that an agent with authority to solicit or write insurance may waive a condition in the policy or estop the company from setting up certain conditions. Ætna Co. v. Kennedy, 161 Ala. 600, 50 So. 73, 135 Am. St. Rep. 160; Brown v. Com. Ins. Co., 86 Ala. 189, 5 So. 500. There seems to be a well-defined distinction between the authority of such an agent to waive conditions as to facts existing before or when the policy is issued and those which may arise after the policy is issued. Ala. State Mutual Co. v. Long Co., 123 Ala. 667, 26 So. 655.

The case of Robinson v. Ætna Co., 128 Ala. 477, 30 So. 665, the chief case relied upon by appellant's counsel dealt with a waiver, not only after the policy was issued, but after the property was destroyed by fire.

We therefore hold that the trial court did not err in permitting the plaintiff to prove what occurred between Goddard, the agent, and the insured, and that Goddard's conduct amounted to an estoppel against the defendant from setting up the existence of the Home policy either as a defense to the action or for the purpose of prorating the loss.

[3] We cannot agree to the insistence that the plaintiff had no insurable interest in the crops destroyed. They were in the mortgage and which had been assigned to the plaintiff before the policy was issued, and, whether he had the legal title or not, he had such an equitable right as gave him an insurable interest.

The interest of Holt, the contractor, to build the house that was destroyed in the case of Com. Fire Ins. Co. v. Capital City Co., 81 Ala. 320, 8 So. 222, 60 Am. Rep. 162, was totally different from that of the plaintiff in the present case.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.