(116 So. 898)

## WEST et al. v. FEDERAL AUTOMOBILE INS. ASS'N. (3 Div. 593.)

Court of Appeals of Alabama. May 15, 1928.

Ball & Ball, of Montgomery, for appellants.

Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

No brief reached the Reporter.

RICE, J. Rule 10 of Rules of Practice in the Supreme Court (Code 1923, vol. 4, p. 882), by which we are governed, provides that in appeals from judgments in nisi prius courts:

"If the insufficiency of the evidence to sustain the verdict or finding in fact or law, is assigned, the statement [in appellant's brief filed on appeal] shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely. The statement will be taken to be accurate *and sufficient for decision* [italics ours], unless the opposite party in his brief shall make the necessary corrections or additions. * * *"

■ In this case the conditions of the above rule appear to have been met by appellant, and, no brief having been filed upon behalf of appellee, we will accordingly base our decision on the facts as stated by the appellants in their brief.

Said facts, as we gather them, are briefly: Appellants were plaintiffs, appellee defendant. The complaint was on a fire insurance policy on an automobile. The plea was that said policy was void because of concurrent, unauthorized insurance. The replication was that the defendant's agents had knowledge of the existence of the concurrent insurance at the time the defendant's policy was issued. Issue was joined on the replication. According to the facts set forth in appellant's brief, supra, the replication was proved without dispute.

■ There is no doubt in our minds that the agents of defendant had authority to waive the existence of the concurrent insurance on the automobile, which was shown to have been destroyed by fire, while procuring or writing the policy here sued on, and to estop the defendant from setting up the existence of this concurrent insurance as a defense. Amer. Ins. Co. of City of Newark, N. J., v. Inzer, 216 Ala. 553, 114 So. 187.

■ The insured has a right to rely on statements and information given him by insurer's agent in procuring policy. Id.

■ Where issue is joined on a replication, and the replication is proven without dispute, plaintiff is entitled to a verdict on the issue presented by it. Central of Georgia Railway Co. v. Gross, 192 Ala. 354, 68 So. 291.

The conditions appearing to be met in this case for such action, and there being no dispute as to any of the constituent elements involved, the judgment of the lower court will be, and is, reversed and one here rendered in favor of plaintiff, appellant, for the sum of $540, the undisputed amount of loss sustained, including legal interest to date of trial.

Reversed and rendered.