157 So. 71

## NEWRITER v. LIFE & CASUALTY INS. CO. OF TENNESSEE.

### 7 Div. 60.

Court of Appeals of Alabama.
May 15, 1934.

Rehearing Denied June 5, 1934.

Chas. F. Douglass, of Anniston, for appellant.

186

Moreau P. Estes, of Nashville, Tenn., for appellee.

RICE, Judge.

Suit by appellant, as beneficiary, on a life and casualty policy.

The appeal is from a judgment of nonsuit because of adverse rulings by the court on the pleadings.

It is made to appear that the policy, in amount $1,000, in question, was issued on December 21, 1931, on the life of one Roy L. Gladden, naming appellant, the mother, as beneficiary; that theretofore on January 20, 1930, a like policy, in the same amount, had been issued by appellee on the life of the same Roy L. Gladden, naming Mary Gladden, the wife, as beneficiary; that each of said policies contained the following clause, to wit: "If a like Travel and Pedestrian policy or policies previously issued by the Company to the insured be in force concurrently herewith, making the aggregate indemnity in excess of $1000.00, the excess insurance shall be void and all premiums paid for such excess shall be returned to the insured." And that the amount of the policy payable to Mary Gladden had been paid to her.

So far as appears, the application for the policy sued on was not incorporated as a part of the policy contract. Code 1923, § 8371.

We think the following principles of the law of our state govern this case, namely:

1. "Insurance application, not made part of policy by being incorporated therein or attached thereto, is not part of contract." Independent Life Ins. Co. of America v. Butler, 221 Ala. 501, 129 So. 466.

2. The law of waiver and estoppel, as respects insurer, cannot be abolished by contract. Great American Ins. Co. v. Dover et. al., 219 Ala. 530, 122 So. 658.

3. Agent of insurance company, while procuring or writing the policy here sued on, had authority to waive the existence of the concurrent insurance (Mary Gladden policy, supra) on the life of Roy L. Gladden, "and to estop the defendant (appellee) from setting up the existence of this concurrent insurance

as a defense. * * * The insured has a right to rely on statements and information given him by insurer's agent in procuring policy." West et al. v. Federal Automobile Ins. Ass'n, 22 Ala. App. 467, 116 So. 898; American Ins. Co. of City of Newark, N. J., v. Inzer, 216 Ala. 553, 114 So. 187.

4. Law imputes to insurer notice of facts coming to knowledge of agent acting within scope of authority in prosecution of life insurer's business. American Life Ins. Co. v. Buntyn, 227 Ala. 32, 148 So. 617.

5. A policy condition as to prior insurance may be expressly or impliedly waived by insurer, as where, with knowledge of breach of the condition, it continues to accept premiums. The rule that knowledge of an insurance agent is the knowledge of the insurance company as to matters within the general scope of his authority applies to solicitors with reference to matters known to them prior to execution of the policy. An agent, collecting premiums for insurer, must report to his principal information regarding such contracts coming to his knowledge and within the scope of his agency, and the insurer is bound by his knowledge. National Life & Accident Ins. Co. v. Jackson, 18 Ala. App. 347, 92 So. 201.

It is manifest that the rulings inducing the nonsuit in this case, and which are properly brought before us for consideration, were not made in accordance with the principles we have set down.

Accordingly, the judgment appealed from is reversed, and the cause remanded, in order that the said rulings may be made to conform to the law as we have hereinabove stated it.

Reversed and remanded.