# Pope *v.* Glens Falls Insurance Co.

*Action upon a Fire Insurance Policy.*

1. *Insurance contract; when company bound though provisions of contract not followed.*—When the insured, in contracting for insurance, fully informs an agent of the insurance company, who is authorized to take applications for insurance, deliver the policy and receive premiums, of the true state of his title to or interest in the property upon which the insurance is desired, and with such knowledge the agent issues the policy, the insurer can not, in case of loss, refuse payment because of some provision in the policy to require a different title or interest than that disclosed to such agent;

[Pope v. Glens Falls Insurance Co.]

and this is true, though the policy itself contained a provision that it was issued and accepted subject to the stipulation that "no officer, agent or other representative of the company shall have power to waive any provision or condition of the policy," except by agreement endorsed on the back thereof, and no such waiver was shown to have been so endorsed on the policy.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellant, Lucy D. Pope, against the Glens Falls Insurance Company, and counting upon a policy of fire insurance issued by the the defendant to the plaintiff, sought to recover the value of a house destroyed by fire, which was insured by said policy. The question presented on appeal arises on the pleadings, and the facts in reference thereto are sufficiently stated in the opinion.

From a judgment in favor of the defendant the plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

S. S. PLEASANTS and DOUGLASS & TAYLOR, for appellant.—It is well established law that if the agent who negotiates the risk is fully advised as to the true condition of the title, and with such knowledge accepts the risk and issues the policy and collects the premium it is a waiver of the conditions or, as held by some of the authorities, his act estops the insurance company from setting up a breach of condition.—*Com. Fire Ins. Co. v. Allen*, 80 Ala. 571; *Williamson v. N. O. Ins. Asso.*, 84 Ala. 106; *Brown v. Com. Fire Ins. Co.*, 86 Ala. 192; *Phoenix Ins. Co. v. Copeland*, 86 Ala. 551; *Creed v. Sun Fire Ins. Co.*, 101 Ala. 533.

COOPER & FOSTER and R. W. WALKER, *contra*, cited *Wheaton v. Ins. Co.*, 9 Am. St. Rep. 216; *Carey v. Ins. Co.*, 26 Am. St. Rep. 912; *Taylor v. Ins. Co.*, 60 Am. St. Rep. 210; *Lippman v. Ins. Co.*, 75 Am. St. Rep. 62.

HARALSON, J.—The action is on a fire insurance policy, the complaint being in Code form.

The defendant filed a number of special pleas, averring in substance, that contrary to the terms and conditions of the policy sued on, plaintiff concealed the fact that the property was not hers; that her interest in the same was not truly stated; that her interest was not the sole and unconditional ownership, and that the subject of insurance was a building on ground not owned by the insured in fee simple.

To these several pleas, plaintiff replied in substance, that one Joseph E. Cooper was the agent of defendant; that as such agent he countersigned said policy of insurance and issued it or procured its issuance to plaintiff; that before and at the time of the issuance of said policy, the plaintiff fully advised said Cooper as such agent, and fully disclosed to him the character, nature and condition and true state of her possession, title and ownership of the said property covered by said policy of insurance, and with full knowledge of the true condition of plaintiff's possession, ownership and title, issued to plaintiff the said policy, accepted the premium thereon, and delivered the same to plaintiff.

The defendant answered by rejoinder, in which it was averred, that the policy contained a provision that this policy is made and accepted subject to the provision, that "no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions, no officer, agent or representative shall have such power or be deemed to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured, unless so written or attached;" and it is averred, that this provision of the policy was not complied with, "and that no waiver of either of said provisions or conditions of said policy is in any manner shown thereon or provided for therein."

A demurrer by plaintiff to this rejoinder was overruled. The plaintiff declined to plead further, and

judgment was rendered for the defendant. The pleadings do not inform us what interest the plaintiff had in the subject matter of the insurance. They only refer to the interest the plaintiff did not have.

The form prescribed by the Code, does not, in words, contain any averment of the ownership or of the insurable interest the plaintiff has in the insured property; but it must be inferred that the allegation of the contract, or the issuance of the policy is tantamount to an averment that the insured had an insurable interest. *Com. F. Ins. Co. v. C. C. Ins. Co.*, 81 Ala. 320. It must be assumed, therefore, that the plaintiff had an insurable interest, but it may be, it was not of the nature required by the terms of the policy as stated in the several pleas.

The proposition has been frequently announced by this court, that when the insured in contracting for insurance, fully informs an authorized agent of the insurer, of the true state of his title to or interest in the property upon which insurance is desired, and with such knowledge the policy is issued, the insurer cannot refuse payment, in case of loss, because of some provision in the policy requiring a different title or interest than that truly disclosed to such agent.

In *Brown v. Com. F. Ins. Co.*, 86 Ala. 189, it was said: "If the assured fully and truly discloses his interest and ownership to an agent of the defendant, authorized to take applications for insurance, deliver policies and receive premiums, the company will not be permitted to take advantage of an oversight or wrongful act of its own agent to avoid the policy.—*Williamson v. N. O. Ins. Co.*, 84 Ala. 106;" *Phoenix Ins. Co. v. Copeland*, 86 Ala. 551.

In the *Western Assurance Co. v. Stoddard*, 88 Ala. 606, one Franklin was the agent of the company with whom Stoddard negotiated the insurance. The court said: "It will be borne in mind, that one of the indispensable conditions of plaintiff's right to recover in this case is that the jury must be convinced from the testimony that Franklin, while he was negotiating the insurance, had knowledge or notice that Mrs. Stoddard's title was only a life estate. If, having such knowledge or notice, he placed the insurance upon an absolute title,

and he demanded and received the amount of premium which would be due and demandable for insurance of the entire ownership of the property, both reason and authority demand that the loss shall be compensated, as if the assured had held the title in fee;" citing numerous authorities.

In *Syndicate Ins. Co. v. Catchings,* 104 Ala. 176, defended on the ground, among others, that plaintiff made a false statement in his application, as to his interest in the property insured, it was held that evidence, that at the time of the making the application, the plaintiff told defendant's agent, who issued the policy, and who wrote the answers in the application, the exact interest he had in the property to be insured, and that said agent wrote the answers incorrectly, was admissible and that the insurance company could not avoid the policy by reason of such false statement contained in the application.

May lays down the same proposition, observing that some of the cases hold the facts as amounting to a waiver; and others as working an estoppel *in pais.*—1 May on Ins., §§ 143, 144, 146; Wood on Fire Ins. § 152; *Creed v. The Sun Fire Office,* 101 Ala. 522; *Tripple Link, etc., Co. v. Williams,* 121 Ala. 138; *U. S. L. Ins. Co. v. Lesser,* 126 Ala. 678. Mr. Joyce, on review of the authorities, lays down the rule thus: "We deduce, however, the rule, that the tendency of the weight of authority, at the present day, is against making restrictions in the policy upon an agent's authority conclusive upon the assured, and that the company, or any agent with general or unlimited powers, clothed with an actual or appparent authority, may either orally or in writing, waive any written or printed condition in the policy, notwithstanding such restrictions,—and many cases apply the rule, even though the policy provides that a distinct specific agreement shall be endorsed thereon, or otherwise prescribing a particular mode of waiver, or that only certain persons can waive."—1 Joyce on Ins., § 439; *Ins. Co. v. Norton,* 96 U. S. 234. This rule is one which seems to be established in this court.

The conclusion is, that the agent, in this case, if the

facts set up in the replications are true, could waive the inhibitions in the policy referred to in the rejoinder, if the agent issued the policy and collected the premium, having notice and information averred in the replications in respect to the condition of the possession and title of plaintiff as therein set up; or that the company would be estopped to deny its liability on the ground sought in the rejoinder. Authorities, *supra*.

The demurrer to the rejoinder should have been sustained.

Reversed and remanded.