# Continental Fire Ins. Co. v. Brooks.

*Action upon Fire Insurance Policy.*

1. *Fire insurance policy; insurable interest.*—Where the owner, after having taken out a fire insurance policy upon a house, makes a contract of sale of the insured property, agreeing

[Continental Fire Ins. Co. v. Brooks.]

to deliver the deed when the entire purchase money is paid, and after such contract of sale and while there remained due more of the purchase money than the amount of the insurance, the insured property was destroyed by fire, the insured retained an insurable interest in the property so destroyed.

2. *Same; pleading and practice; when error without injury.*—In an action on a fire insurance policy, where the defendant pleads the breach of one of the conditions of the policy, and the plaintiff files a replication in which he alleges that a certain person who was the defendant's general agent agreed to waive said condition, and the defendant files a rejoinder in which he denies that such person was the defendant's general agent at the time referred to, it can not be said to be prejudicial error for the court to strike out such rejoinder, when it appears that the case was afterwards tried on issue joined on the replication.

3. *Fire insurance; agency; power to waive; condition.*—An insurance agent with authority to write insurance, collect premiums, and act generally as the company's agent for such purposes, and to make insurance contracts, has power to waive a condition in a policy written by him providing that any change in the title or possession of the property would avoid the policy unless an agreement that such change might be made was indorsed on the policy.

4. *Same; same; termination of agency.*—Where a general insurance agent, with authority to waive a condition in a fire policy forbidding a change in interest or possession, ceased to be the company's agent, a waiver by him of such condition, after the termination of the agency is binding on the company, where the insured in good faith relied on his authority, and had no notice or knowledge of the termination of the agency.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the appellee, M. M. Brooks, against the appellant, the Continental Fire Insurance Company.

The Complaint is in Code form on a policy of insurance on a dwelling house, against fire.

The defendant filed, besides the general issue, nine other special pleas, the substances of which was—copying from the tenth plea—"that under and by the terms of the policy, unless otherwise provided, by agreement indorsed thereon or added thereto, [the policy] should

be void, if any change other than by the death of the insured, take place in the interest, title or possession of the subject of insurance, except change of occupants without increase of hazard," etc. It was averred that this condition of the policy had been broken by the plaintiff, in that, after the policy was issued and delivered to him, and before the fire which destroyed the property, the plaintiff entered into a contract with Fox Henderson for the sale to him of the property insured; that under said contract, plaintiff put said Henderson in possession of said property and took his note, payable on demand, for the purchase money—$2,436; that prior to the fire which destroyed the dwelling house the plaintiff received from said Henderson, on said purchase money, the sum of $1,525, leaving a balance due thereon of $911; that said Henderson was in possession of said insured property under said contract of purchase, holding and claiming the same as his own, at the time the property was destroyed by fire; and the averment is added, "that there is no provision by agreement indorsed on said policy or added thereto with reference to or authorized the above change in interest, title, or possession of the plaintiff in the insured property, and that by reason thereof the said policy is void."

To these pleas the plaintiff demurred, assigning many grounds; but the demurrer is not shown to have been acted on by the court.

Thereupon the plaintiff filed a number of replications, among them the one identified by the number 3 and letter A.

The plaintiff afterwards withdrew each of his replications except the two last named.

The defendant demurred to each of these, and the demurrer was sustained as to the one marked A and overruled as to the one numbered 3.

The third replication set up that "prior to the loss complained of in the complaint F. M. Pennington was the general agent of the defendant for this vicinity, with authority from defendant to write insurance, collect premiums, and act generally as its agent for such purposes, and for the purpose of making insurance contracts for said defendant, with authority to waive the condi-

tion set out in said pleas, and was the agent of defendant who entered into the contract sued upon, on behalf of defendant; that he was supplied with blank policies, signed by the defendant and its secretary, to be binding on defendant, when countersigned by said F. M. Pennington; that the policy of insurance sued upon was one of said policies so issued to said Pennington by defendant, and was drawn up and became binding on defendant upon its having been countersigned by said F. M. Pennington; and plaintiff alleges that prior to the loss complained of said Pennington, being such agent of defendant, was informed of the matters and things contained in said pleas of defendant, and agreed and consented thereto; and plaintiff avers that defendant thereby waived the condition of said policy as set out in said pleas."

The defendant, its demurrer to the third replication being overruled, replied, in substance, in two rejoinders, that at the time of the alleged waiver by said Pennington, he was not the agent of the defendant.

These rejoinders, on motion of the plaintiff, were stricken, on the ground that said rejoinders to said replication 3 were a mere joinder of issue thereon.

The case was tried on the plea of the general issue, and on joinder of issue on said third replication of the plaintiff.

Upon the introduction of all the evidence the court, at the request of the plaintiff, gave the general affirmative charge in his favor. To the giving of this charge the defendant duly excepted.

There were verdict and judgment in favor of plaintiff, and defendant appeals.

CARMICHAEL & BRANNEN, for appellant, cited *Loventhal v. Home Ins. Co.*, 113 Ala. 108; *Gaylord v. Lamar F. Ins. Co.*, 93 Am. Dec. 289; *Davidson v. Hawkeye Ins. Co.*, 60 Am. Rep. 818; *Johannes v. Standard Fire Ins. Co.*, 5 Am. St. Rep. 159; *Brooks v. Continental Fire Ins. Co.*, 125 Ala. 615.

FOSTER, SAMFORD & CARROLL, contra, cited *Ala. St. Assu. Co. v. Long Clothing & Shoe Co.*, 123 Ala. 667; 1

May on Insurance (3d ed.), § 282 a; Clement's Fire Insurance Digest, p. 340, § 133, also p. 206, § 134; *Peckner v. Phoenix Ins. Co.*, 65 N. Y. 195; *Badders v. Davis*, 88 Ala. 376; *Van Allen v. Joint Stock Ins. Co.*, 4 Hun. 413; *Ins. Co. v. Young*, 86 Ala. 424; *Benton v. Ins. Co.*, 25 Conn. 542; *Ins. Co. v. Norton*, 96 U. S. 234; *Ins. Co. v. Eggleston*, 96 U. S. 572; *Ins. Co. v. French*, 30 Ohio St. 240; *Ins. Co. v. Earl*, 33 Mich. 153; *Williams v. Association*, 36 Atlantic Rep. 63.

HARALSON, J.—1. The complaint being in Code form, contains a sufficient averment of an insurable interest in the plaintiff.—*Com. F. Ins. Co. v. C. C. Ins. Co.*, 81 Ala. 320.

The plaintiff had an insurable interest in the property. He had contracted to sell it to Henderson, a deed to be made when the entire purchase money was paid. A deed had not been made, and there remained due to plaintiff on the purchase money, about $900, the insurance on the property destroyed being $500. He had an equitable lien or mortgage on the property for the payment of his debt.—*Hester v. Hunnicutt*, 104 Ala. 282. "Whoever,"—says May—"may fairly be said to have a reasonable expectation of deriving pecuniary advantage from the preservation of the subject-matter of insurance, whether that advantage inures to him personally or as the representative of the rights or interests of another, has an insurable interest. Thus a mortgagee being the owner of a limited interest in the estate, has in his own right an insurable interest to the amount of the mortgage debt."—1 May on Ins., § 80. "A vendor of personal or real property, though he may have contracted to sell the same, has also an insurable interest."—*Ib.* § 83 a; 11 Am. & Eng. Ency. Law, 313-315.

2. Replicaton 3 alleged that Pennington, was the general agent of the defendant, at the time he agreed to waive the condition in the policy set up in the pleas, in respect to a change of ownership and possession of the property. The rejoinders of defendant to this replication did no more than deny that Pennington was such general agent at that time. They amounted to no more

than a joinder of issue on said replication. Moreover, the case was tried on issue joined to the replication, and the defendant had all the advantage he could have enjoyed, if said rejoinders had not been stricken. We discover no error in striking out the rejoinders.—*Comer v. Way & Edmondson*, 107 Ala. 300.

3. Every fact averred in the 3d replication, demurrer to which was properly overruled, was fully established, without any conflict in the evidence.

It is insisted by defendant, that the condition in the policy as recited in the pleas, required that any change in the title or possession of the property would avoid the policy, unless an agreement that such change might be made, was indorsed on the policy. The replication, confessing the sale of the property and a change of possession, set up that the general agent of the company, with full knowledge of all the facts, waived the condition. The question as to whether a general agent, with the powers, that Pennington had, might waive this condition, has been so often considered and decided favorably to his doing so, it requires no further discussion at our hands. It must be regarded as finally settled with us.—*A. S. M. Asso. v. Long C. & S. Co.*, 123 Ala. 667; *Pope v. Glens F. Ins. Co.*, 130 Ala. 356, and authorities in these cases cited; 1 Joyce on Ins., §§ 439, 560; 2 Bid. on Ins., § 1081.

4. Pennington who testified to substantially the same facts that were deposed to by plaintiff, also testified, that he had been the agent of defendant for about fifteen years, and until a few months before the conversations had with him by plaintiff, touching the sale by him of the property to Henderson; that as such agent of defendant he had full power and authority to bind defendant by his agreements to waive orally the conditions in the policy set out in the pleas in the case; that the company gave him that authority, and that he had exercised the same with their knowledge and consent all the time during the term of his agency; that when he ceased to be the agent of defendant, no notice was given to the public of that fact, and none to the plaintiff, so far as he knew. The plaintiff had testified that he had no knowledge or notice that Pennington

had ceased to be the agent of defendant, until after the fire occurred.

The rule on this subject, as stated by this court, supported by the current of authority is, that "when third parties have dealt with an agent clothed with general powers, the agency continues as to them, after revocation, until they have notice thereof. Also, the principal may be liable for acts of the agent after revocation, to third persons, who never dealt with him previously, if they, in common with the public at large, are justified in believing that such agency existed, and have no notice of its revocation."—*Wheeler v. McGuire*, 86 Ala. 398; *Johnson v. Christian*, 128 U. S. 374; 1 Am. & Eng. Ency. Law (2d ed.), 1220; Mechem on Agency, §§ 223, 224.

All the evidence, without conflict shows, that Pennington was defendant's general agent, at the time the policy issued to plaintiff, with power and authority to waive the condition in the policy referred to in the pleas, and that at the time he waived the same, the plaintiff in good faith believed he was such general agent, relied on his authority as such, and had no notice or knowledge that the agency had terminated.

There was no error in the general charge for plaintiff.

Affirmed.