# Aetna Fire Ins. Co. *v.* Kennedy..

*Action on Insurance Policy.*

(Decided June 10, 1909.  50 South. 73.)

1. *Insurance; Fire Insurance; Insurable Interest.*—A stockholder in a corporation has such an insurable interest in its property as will support a recovery on a policy issued to him thereon.

2. *Same; Waiver of Condition of Policy; Authority of Agent.*—An agent who is authorized to write and deliver an insurance policy has authority to waive a condition in the policy.

[Aetna Fire Ins. Co. v. Kennedy.]

3. *Same; Interest of Insured; Extent.*—The interest of a stockholder of corporate property is not measured by the value thereof, since the property is liable first for the corporate debts and the only interest in the stockholder is his right to share in the distribution of the proceeds after the payment of the debts, and his insurable interest therein is measured accordingly.

4. *Same; Burden of Proof.*—The burden is on the plaintiff to show the value of his interest in the property destroyed and if he does not carry the burden his recovery can be for nominal damages only.

5. *Same; Evidence.*—The evidence in this case examined and held sufficient to raise an inference that the plaintiff had some interest in the property on which the policy of insurance was issued.

6. *Same; Notice.*—Notice to a soliciting agent after the issuance of a fire insurance policy is not notice to the company.

7. *Same; Regulation; Validity.*—The provisions of section 4594, Code 1907, dispensing with notice or proof of loss, etc., under the condition therein named is constitutional.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by T. J. Kennedy against the Aetna Insurance Company on a fire insurance policy. From a judgment for plaintiff, defendant appeals. Reversed.

Plea 2 was as follows: "Said plaintiff, at the time of the execution of the policy of insurance upon which this action is based, was not the owner of the property described in said policy of insurance and which is described in said complaint."

The replication to which demurrers were filed is as follows: "(6) Comes the plaintiff, and for special replication No. 6 to plea No. 2 says: He was at the time of the issuance of said policy a stockholder in the Union Publishing Company, a corporation, which was the owner of said property. Plaintiff's interest in said policy was more than double the value of the policy; and the fact that said property was owned by the Union Publishing Company was known to L. W. Rorex, the general agent of the defendant, who made said contract, at the time it was made, and expressly waived the matter of a want of sole and unconditional ownership or other interest on plaintiff's part, save as a stockholder in said

corporation. (2) The defendant waived the alleged breach of conditions in said plea set forth in this: That at the time of entering into said contract of insurance L. W. Rorex, the general agent of the defendant and who made said contract of insurance, had notice of the alleged breach of such conditions at the time the contract was made, in that he had knowledge of facts leading him to believe, or giving good cause to believe, that the conditions were not met, and with such notice he failed to make inquiry which would have readily discovered all the facts as to such breach of conditions, and without inquiry, and knowing that in all probability the said conditions were not met, he wrote the contract, and thereby waived such breach of conditions."

The following demurrers were interposed: "(1) Said replication fails to show that plaintiff owned any interest in the property. (2) It fails to show that the plaintiff owned insurable interest in said property. (3) Said replication shows on its face that the policy of insurance sued on is void. (4) It fails to show or aver what, if any, interest the plaintiff had in such property, the subject of said insurance. (5) It shows that the agent of the defendant had no actual knowledge of the breach, but only information which, if pursued, would have led to such knowledge. (6) Said replication does not allege or show that the plaintiff made known to the defendant the facts which constitute a breach of conditions of said policy at the time said policy was issued."

Charge 20 is as follows: "I charge you, gentlemen of the jury, that there is no evidence before you from which you can ascertain the amount of plaintiff's loss or damage."

The property insured was the printing outfit belonging to the Union Publishing Company, a corporation, in which the present plaintiff was principal stockhold-

ed, and it seems that the presses were run by a gasoline engine, which appears to be contrary to the terms of the policy. L. W. Rorex was the agent of the defendant insurance company, and was also the cashier of the local bank. It was shown by the plaintiff, over the objection of the defendant, that after the issuance of the policy Rorex was in the building occupied by the printing company and saw the gasoline engine at work. It was further shown, over the objection of defendant, that Rorex was a subscriber to the newspaper and bought job printing supplies from the Union Publishing Company. Gross was permitted to testify over the objection of defendant that the Union Publishing Company and Mr. Kennedy gave his wife notes secured by a lien or mortgage on the property of the Union Publishing Company, and that he turned these notes over to Mr. Rorex as cashier of the bank.

LAWRENCE COOPER, GEORGE P. COOPER, and BRICKELL & SMITH, for appellant. The demurrers to the second replication should have been sustained.—*Pope v. Grenfall I. Co.,* 136 Ala. 670. The court erred in permitting questions as to the purchase of supplies by Rorex, his subscriptions to the paper and his visit to the premises. —*Pope v. Grenfall, supra;* 71 Fed. 473; 29 Am. St. Rep. 965. The fact that the Gross note and the Dodson Printing Company sales contract, were on record is no notice to the company.—3 Cooley Brief on Ins. 2547; 25 S. E. 560; 79 Am. Dec. 673; 34 S. W. 915. The evidence clearly shows that Rorex was not an agent of the company with authority to bind the company by any such waiver as is contended for.—*Queen I. Co. v. Young,* 86 Ala. 424; *Phoenix I. Co. v. Copeland,* 90 Ala. 386; *Ala. Nat. Co. v. Long,* 123 Ala. 667; *Robinson v. Aetna I. Co.,* 128 Ala. 477. Secs. 4594 and 4595, are unconstitutional and

void as attempting to contract for the parties and to take from defendant its right to make defense.

VIRGIL BOULDIN, for appellee.—Replication 6 was a good answer to plea 2.—*Continenal v. Brooks,* 131 Ala. 618; 19 Cyc. 589. The evidence does not support either pleas 3 or 4.—*Hanna v. Ins. Co.,* 82 S. W. 1115; 19 Cyc. 680; 47 South. 735; 104 Ala. 189; 139 Wis. 47. A plea denying ownership of the whole is not sustained by proof of want of ownership of part.—*N. U. F. Soc. v. Prude,* 46 South. 976; 135 Ala. 256; 19 Cyc. 926. The doctrine of estoppel rather than waiver governs in such case, as is set up by plea 8.—*Pope v. Glenfall,* 130 Ala. 360; *Cassimus v. Scottish Union,* 135 Ala. 256. The demurrer was properly sustained to plea 11.—19 Cyc. 694. Upon the question of sufficiency of replications 1, 2, 3 and 6, see.—*Traders I. Co. v. Letcher,* 143 Ala. 409; *Ala. St. v. Long, supra;* see also the late case of *State Mutual v. Riley,* 47 South. 735.

SIMPSON, J.—This action was brought by the appellee against the appellant on a fire insurance policy issued by the appellant. The first assignment of error insisted on is to the action of the court in overruling defendant's demurrer to the fifth replication to plea 2 to the complaint. The substance of plea 2 is that the plaintiff, at the time of the issuance of the policy, was not the owner of the property insured, and the replication is that he was the owner of stock in the company which owned the property, worth more than double the value of the policy, that said fact was known to the general agent of the company who issued the policy, and he expressly waived the matter of the want of sole and unconditional ownership. It has been expressly held that a stockholder in a corporation has an insurable interest

in the property of the corporation, which will sustain a recovery on a policy issued to him on the property.—19 Cyc. 589; *Warren v. Davenport F. Ins. Co.,* 31 Iowa 464, 7 Am. Rep. 160; *Philips v. Knox Co. Mut. Ins. Co.,* 20 Ohio, 174; *Sweeny v. Franklin F. Ins. Co.,* 20 Pa. 337; *Riggs v. Com. Mut. Ins. Co.,* 125 N. Y. 7, 25 N. E. 1058, 1060, 10 L. R. A. 864, 21 Am. St. Rep. 716. Our own court has held that an agent with authority to write insurance, etc., may waive a condition in the policy.— *Continental Fire Ins. Co. v. Brooks,* 131 Ala. 614, 30 South. 876, and cases cited; *Syndicate Ins. Co. v. Catchings,* 104 Ala. 176, 190, 16 South. 46; *Western Assurance Co. v. Stoddard,* 88 Ala. 606, 611, 7 South. 379. The case of *Cassimus Bros. v. Scottish U. Ins. Co.,* 135 Ala. 258, 270, 33 South. 163, refers only to a notice to the agent subsequent to the issuance of the policy.

There was no error in overruling the demurrer to the sixth replication. The theory upon which it is held that a stockholder may recover on a policy of insurance on the property of the corporation is that he has an equitable interest in the property. It is evident, however, that his interest is not necessarily measured by the value of the property destroyed, for the reason that the property of the corporation is liable first for the debts of the corporation, and the only interest held by the stockholder is a right to his share in the distribution of the proceeds after the payment of the debts of the corporation.

The burden is on the plaintiff, in a suit on an insurance policy, to show the value of his interest in the property destroyed, and unless he produce evidence from which the jury can ascertain the value of his interest he is not entitled to recover more than nominal damages. In this case, the only evidence of the value of his interest is that the property destroyed was worth between $5,000 and $6,000; that it belonged to the Union Pub-

lishing Company; that the plaintiff owned stock of the par value of $3,500, while $380 of stock was owned by other parties; also that the Union Publishing Company did not hold the legal title to the entire property, but said title to a portion of the property was retained by the Dodson Printers' Supply Company, from whom it had been purchased, upon which there was still due $750; also that there was a lien on the property in favor of Mrs. E. F. Gross for $432. Although this evidence did not furnish sufficient data from which to ascertain the exact amount of plaintiff's interest, yet it was enough to afford an inference that plaintiff had some interest, and the court properly refused the general charge requested by the defendant.

There was no reversible error in the refusal to give charge 20, requested by the defendant. This court has frequently held that the trial court is not under any duty to give a charge that there is no evidence of a certain fact.

The court erred in overruling the demurrer to the second replication. Said replication does not allege actual knowledge on the part of the defendant's agent, or notice of the alleged breach of the conditions.— *Pope v. Glenn Falls Ins. Co.*, 136 Ala. 670, 674, 675, 34 South. 29, 30. According to the case just cited, "the doctrine of implied knowledge from mere notice of facts which, if diligently inquired into and prosecuted, would lead to knowledge, is without application in a case like the one before us." Hence the court erred in overruling the objections to the questions to the plaintiff as a witness, as to whether defendant's agent was a subscriber to the newspaper, and as to whether he bought supplies from the Union Supply Company.

The court erred in overruling the objection to the question to the plaintiff as a witness as to whether de-

fendant's agent was ever in the office of the Union Publishing Company when the gasoline engine was running. Notice to the soliciting agent, after the policy has been issued, it not notice to the company.—*Queen Ins. Co. v. Young*, 86 Ala. 431, 5 South. 116, 11 Am. St. Rep. 51; *Cassimus Bros. v. Scottish U. Ins. Co.*, 135 Ala. 270, 33 South. 163.

For the same reasons it was error to admit the testimony of the witness Gross as to his turning over the mortgage notes to said Rorex (defendant's agent), as cashier of the bank.

The second count was demurred to, and also the general charge was asked, in order to raise the question of the constitutionality of section 4594 of the Code of 1907. The constitutionality of that section has been sustained by this court.—*Continental Ins. Co. v. Parkes*, 142 Ala. 650, 658, 659, 39 South. 204. We see no reason for departing from that decision, and the action of the court in overruling the demurrer and refusing the general charge as to the second count was without error.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.