(121 So. 84)

**YORKSHIRE INS. CO., Limited, v. GAZIS.**
(7 Div. 850.)

Supreme Court of Alabama. March 21, 1929.

W. J. Boykin, of Gadsden, for appellant.

Culli, Hunt & Culli and E. O. McCord & Son, all of Gadsden, for appellee.

BOULDIN, J. It has long been the law of this state that an agent authorized to write policies of fire insurance is a general agent in so far as to bind the insurer by his waiver of conditions and warranties inserted in the policy for the insurer's benefit. Ætna Fire Ins. Co. v. Kennedy, 161 Ala. 600, 50 So. 73, 135 Am. St. Rep. 160; Continental Fire Ins. Co. v. Brooks, 131 Ala. 614, 30 So. 876; Pope v. Glenn Falls Ins. Co., 130 Ala. 356, 30 So. 496; Williamson v. N. O. Ins. Ass'n, 84 Ala. 106, 4 So. 36; Phœnix Ins. Co. v. Copeland, 86 Ala. 551, 6 So. 143, 4 L. R. A. 848; Western Assurance Co. v. Stoddard, 88 Ala. 606, 7 So. 379.

By statute, foreign insurance companies are permitted to do fire insurance business only through agents duly commissioned to write insurance in Alabama. Code, §§ 8353, 8379.

 To write insurance means to make insurance contracts on behalf of their companies. In usual course it includes accepting risks, agreeing on amount of insurance, filling out, countersigning, and delivering policies furnished for the purpose, and collecting premiums.

Accordingly, it is written: "An agent who is authorized to solicit and receive applications for fire insurance, and, at his discretion, to countersign and issue policies of insurance intrusted to him by the company for that purpose, must be regarded quoad hoc as the general agent of the company. 19 Cyc. 780, B, b, and cases cited; Id. 592, 593; 22 Cyc. 1429, 4; Continental Fire Ins. Co. v. Brooks, 131 Ala. 614, 30 So. 876; Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 So. 46; Ins. Co. of N. Amer. v. Thornton, 130 Ala. 222, 30 So. 614, 55 L. R. A. 547, 89 Am. St. Rep. 30." Sun Ins. Office of London v. Mitchell, 186 Ala. 420, 65 So. 143.

Pleas 2 and A set up breach of warranty touching additional insurance. On former appeal replications to these pleas there considered were held subject to demurrer. Yorkshire Ins. Co. v. Gazis, 215 Ala. 564, 112 So. 154. On the last trial amended replications 2 and 3 were filed.

These aver the agent had "authority to solicit and receive applications for fire insurance, to countersign, issue, and deliver policies for fire insurance intrusted to the said T. W. Bachus by the defendant." He was a general agent in the sense here involved.

 The certificate or contract in evidence constituting Bachus agent gave full power "to receive proposals for insurance against loss or damage by fire, * * * to receive premiums therefor, and to countersign and issue policies of insurance thereon." This brought Bachus within the letter and spirit of the law as a general agent.

The facts averred in replication No. 2, as constituting a waiver, are briefly these: Bachus solicited a policy of $4,000 on the insured property. At the same time an agent for another company was soliciting the insurance for like amount. It was then agreed all round that each company should issue a policy for $2,000. Pursuant to this agreement, the policy in suit was issued, and premiums paid. The insured, a Greek, unable to read English, relying upon the agreement, accepted the policy, and knew nothing of the clause forbidding additional insurance until after the loss.

Replication No. 3 sets up the same matters by way of estoppel.

 Matters relating to the property or risk, defects in the title, not going to an insurable interest therein, or additional insurance thereon at the time the policy is written, if known to the insurer, are waived as matters of defense, or withdrawn from the terms of the policy.

 It is said the rule rests upon the doctrine of estoppel rather than waiver. It is pleadable in either form. In a sense it partakes of the nature of both waiver and estoppel—waiver in that the parties will not be taken to have entered into an insurance contract, giving and receiving the price of a risk, knowing at the time that the contract is valueless, a mere scrap of paper; estoppel, in that avoidance of the policy on such ground, would work a fraud on the insured, who, for a consideration, has been lured into a false sense of protection until after the loss.

There can be no difference in principle between an express agreement working such waiver or estoppel and an implied agreement from knowledge of facts at variance with the conditions of the policy.

Nor does it matter that the additional insurance was written as contemplated after the policy in suit. Getting business on the faith of such agreement, then writing a policy forbidding the thing agreed upon, would work a like fraud.

The doctrine that all prior negotiations are merged in the written agreement gives way in this class of cases to the doctrine of waiver, or estoppel as more consonant with reason and justice. It is not a question primarily of the construction of contracts, but of the enforcement of provisions in the nature of forfeitures—provisions nullifying the contract from the beginning.

The replications presented matters good in avoidance of the pleas. American Ins. Co. v. Inzer, 216 Ala. 553, 114 So. 187; Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 So. 46; Pope v. Glenn Falls Ins. Co., 130 Ala. 356, 30 So. 496; Ætna Ins. Co. v. Kennedy, 161 Ala. 600, 50 So. 73, 135 Am. St. Rep. 160; 1 May on Insurance, §§ 143, 144, 146; Wood on Fire Insurance, § 152.

The evidence tended to show that Bachus, and not merely an employee Wright, entered into and confirmed the agreement set up in the replications. The truth of this controverted issue was for the determination of the trial judge, sitting without a jury and hearing the witnesses orally.

Under the evidence, the insured was not a merchant, but running a restaurant. The insured property in the main consisted of fixtures and equipment. A portion, probably 20 per cent. in value, consisted of a stock of merchandise, groceries, etc. Much of this was supplies for cooking and sale as prepared food.

Evidence tended to show an inventory was taken monthly. One inventory, said to have been taken the month preceding that of the fire, was offered and appears in the record. Other evidence tended to show books and invoices were kept, and they were not destroyed by the fire. These are not in the record, nor are their contents otherwise shown. Defendant promptly disclaimed liability on this policy because of additional insurance.

No fault in failing to furnish the proper books, etc., to an adjuster appears. By agreement evidence was offered of the fact that the loss was duly adjusted for the other insurance company with the written report of the adjuster as to amount of the loss.

In this state of the record, it cannot be held the defendant met the burden of proof under plea 4, setting up a breach of the iron-safe clause.

The judgment was for one-half the loss as adjusted with interest. It is not shown to be excessive.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.