139 So. 227

### NATIONAL FIRE INS. CO. OF HARTFORD, v. TENNESSEE LAND CO.

#### 6 Div. 896.

Supreme Court of Alabama.

Jan. 21, 1932.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

Benners, Burr, McKamy & Forman, of Birmingham, for appellee.

**GARDNER, J.**

Demurrer to count 2, upon which the case was tried, was properly overruled. It sufficiently discloses in whose name the policy was issued, and the right of plaintiff to sue thereon. Prine v. American Cent. Ins. Co., 171 Ala. 343, 54 So. 547; American Equitable Assur. Co. v. Powderly Coal & Lbr. Co., 221 Ala. 280, 128 So. 225.

Upon the merits, the theory of defendant is that recovery should be denied for the reason that Bailey and Cummings had, previous to the issuance of the policy sued upon, sold and conveyed the property, and therefore the express provisions of the policy as to the insured being the sole and unconditional owner had been breached, and the policy avoided, citing, among other authorities, 26 C. J. 170; Pelican Ins. Co. v. Smith, 92 Ala. 428, 9 So. 327; New Brunswick Fire Ins. Co. v. Nichols, 210 Ala. 63, 97 So. 82; Western Assurance Co. v. Stoddard, 88 Ala. 606, 7 So. 379; Home Loan & Finance Co. v. Fireman's Fund Ins. Co., 221 Ala. 529, 129 So. 470; Walker v. Queen Ins. Co., 136 S. C. 144, 134 S. E. 263, 52 A. L. R. 259.

The proof discloses that, at the time of the issuance of the policy, Bailey and Cummings had parted with the title, but plaintiff was the owner of the mortgage executed by them to their vendor, the Ensley Land Company, and had no direct knowledge of such sale when application was made by it to the general agent of defendant for the policy sued on, for the express purpose of protecting its interest as mortgagee. To such defense, therefore, plaintiff replied, and sustained its replications by the proof that when the policy was issued defendant's general agent was informed of plaintiff's interest, and that it was that interest only upon which protection was sought; that the mortgagors were Bailey and Cummings; but whether they still owned the property plaintiff did not know, though it had been casually reported they may have conveyed the same, and the agent's advice was asked as to the manner in which the policy should be issued; that the agent stated under the circumstances it would be proper to write the insurance in the name of Bailey and Cummings as owners, with a mortgage clause to plaintiff, and the policy was issued in its present form at the suggestion of defendant's general agent; and that the validity of the policy was in no way questioned until after the loss by fire. That plaintiff had an insurable interest in the property, and that defendant's general agent had authority to bind the defendant by waiver or estoppel, is well settled (American Ins. Co. v. Inzer, 216 Ala. 553, 114 So. 187; Yorkshire Ins. Co. v. Gazis, 219 Ala. 96, 121 So. 84; Green v. Westchester Fire Ins. Co., 221 Ala. 345, 128 So. 436; Amer. Ins. Co. v. Newberry, 215 Ala. 587, 112 So. 195), and that the conduct of such agent, as above outlined, sufficed to create an estoppel would appear to require no discussion. American Equitable Assurance Co. v. Powderly Coal & Lumber Co., 221 Ala. 280, 128 So. 225; American Ins. Co. v. Newberry, supra; Westchester Fire Ins. Co. v. Green, 223 Ala. 121, 134 So. 881; Firemen's Ins. Co. v. Brooks (C. C. A.) 32 F. (2d) 451, 65 A. L. R. 909.

The cases relied upon by defendant involve no such question as here presented, and in no manner militate against the conclusion here reached.

The case was properly submitted to the jury, and there was no error in the refusal of the affirmative charge at defendant's request.

Proof of loss as prescribed by the policy was not furnished, and plaintiff insists upon a waiver thereof in answer to this defense. Request was made to the general agent on two separate occasions for blank forms for the purpose, but without avail. The two houses were totally destroyed, and were inspected by the defendant's adjuster. The proof also tends to show that after the fire defendant tendered to plaintiff's agent the premium which had been paid upon the ground that the policy was void. The evidence was sufficient for submission of the question of waiver for the jury's consideration. Ray v. Fid.-P. Fire Ins. Co., 187 Ala. 91, 65 So. 536; Indemnity Co. of America v. Pugh, 222 Ala. 251, 132 So. 165; Georgia

Home Ins. Co. v. Allen, 128 Ala. 451, 30 So. 537.

It is argued that the evidence as to the conversation between plaintiff's agent and the adjuster was inadmissible as violative of section 7721, Code 1923. The argument is based upon the assumption that the adjuster is dead; but we find no evidence in the record justifying such conclusion, and, of course, under these circumstances, the objection must be held to be without foundation. Moreover, the plea appears to be one in abatement only, and, pleaded simultaneously with pleas in bar, may be treated by plaintiff as a nullity, under the authority of Westchester Fire Ins. Co. v. Green, 223 Ala. 121, 134 So. 881, and cases therein cited.

The houses insured were designated in the policy by numbers (as No. 905-7, 909-11, etc.) located on the east side of Avenue H, lots 1 to 8, inclusive, in block 9-H, Ensley, Ala.; the two houses destroyed by fire being located on lots 6 and 7 in block 9-H. The fact therefore there was an error in the further description as in the third rather than the sixth Ensley Land Company addition does not affect the question of recovery; the property being otherwise sufficiently identified in the policy, and clearly designated by the proof. The proof was so clearly sufficient to show an equitable title to the mortgage in the plaintiff, and an insurable interest in the property (American Ins. Co. v. Inzer, supra) as to require no discussion.

What has been said will suffice as an answer to the several assignments of error argued, without separate treatment of each.

We find no error to reverse, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.