147 So. 628

**HARTFORD FIRE INS. CO. v. AARON.**

**5 Div. 134.**

Supreme Court of Alabama.

April 13, 1933.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

Albert Hooton, of Dadeville, for appellee.

432

FOSTER, Justice.

■ This is an action on a policy of fire insurance extending from January 7, 1928, to January 7, 1930. The loss occurred on May 20, 1929. Prior to the issuance of the policy, two mortgages had been executed on the property. Plaintiff owned the second in priority. On the 5th of March, 1929, plaintiff took up the first mortgage, and on that day a "loss payable" clause was attached to the policy, payable to plaintiff as his interest may appear, subject to all the conditions of the policy, thereby distinguished from those clauses which exempt the rights of the mortgagee from forfeitures due to the subsequent conduct of the insured. So that under the clause so attached a forfeiture for a breach of the conditions of the policy defeats the claim of plaintiff unless effectually waived. Home Loan & Finance Co. v. Fireman's Fund Ins. Co., 221 Ala. 529, 129 So. 470; Tarrant Land Co. v. Palmetto Fire Ins. Co., 220 Ala. 428, 125 So. 807.

■ Appellant makes' several claims for forfeiture. One is that there was a breach of the condition against a change in the interest, title, or possession of insured. The change relied on is that on April 2, 1929, the mortgagor conveyed the entire interest in the property to the plaintiff who was before that the mortgagee under the two mortgages, and leased the property as tenant, and so occupied it until the date of the fire.

In a policy clause which stipulated that the rights of the mortgagee shall not be invalidated by any such circumstance, it was held by this court, as of course, that such a conveyance by the mortgagor to the mortgagee did not affect the rights of the latter. Continental Ins. Co. v. Rotholz, 222 Ala. 574, 133 So. 587. But by the great weight of authority it has been held that, when the "loss payable" clause is as stipulated in this policy, anything that will avoid the policy in the hands of the mortgagor will avoid it as to the mortgagee, and hence that such a conveyance as here shown will have that effect. For the cases, see Royal Ins. Co. v. Drury, 150 Md. 211, 132 A. 635, 45 A. L. R. 597; 5 Couch on Ins. pp. 35, 45, note 4; 8 Cooley on Ins. p. 2707.

For the purpose of showing a waiver, plaintiff proved by another witness than himself that about March 1, 1929, he had a conversation with one Green, who was the agent of defendant who wrote the policy sued on, and was shown to be the general agent of defendant, and was at the time soliciting additional insurance on the same property, but who was dead at the time of the trial, and in that conversation, among other things to be referred to later, plaintiff told Green that the insured was going to deed to him the property; that Green told him that the policy (sued on) is all right, and that he would be protected under it until it was out. It does not appear that, after the deed was made, notice of it was given to Green or to any other agent of defendant.

■ Appellant relies upon a principle asserted in some authorities that there can be no waiver of a forfeiture until the forfeiture has occurred. 26 Corpus Juris, 320 and 282, citing Patterson v. Am. Ins. Co., 164 Mo. App. 157, 148 S. W. 448. That case is based upon the idea that it would amount to a change in the terms of the contract after its execution, and would require a new consideration to support it. To the same effect is Home Fire Ins. Co. v. Wilson, 109 Ark. 324, 159 S. W. 1113. We have a long line of cases holding that, if conditions, which would constitute a forfeiture under the policy, exist when it is written and which are known to the general agent writing the policy, they are withdrawn as conditions in the policy. Many cases are cited in Yorkshire Ins. Co. v. Gazis, 219 Ala. 96, 121 So. 84; Nat. Fire Ins. Co. v. Tenn. Land Co., 224 Ala. 113, 139 So. 227. Also that, after the issuance of a policy, if there occurs a breach of its conditions before loss, known to the insurer or its general agent, and it fails for a reasonable time to assert the forfeiture, such failure is a waiver of the forfeiture. Alabama State Mut. Assur. Co. v. Long Clothing & Shoe Co., 123 Ala. 667, 26 So. 655.

■ Such agent may by express agreement waive the forfeiture. Continental Fire Ins.

Co. v. Brooks, 131 Ala. 614, 30 So. 876; London & Lancashire Ins. Co. v. McWilliams, 215 Ala. 481, 110 So. 909.

█ There is no doubt that a general agent with authority to enter into such contracts may make alterations to the same extent as the insurer could make, while such authority continued. Such contract could be altered or amended by a subsequent parol agreement. 26 Corpus Juris, 284. It is conceded that an alteration of the contract by subsequent agreement must be based on a consideration. Great Am. Ins. Co. v. Dover, 219 Ala. 530, 122 So. 658.

█ But, so long as the contract remains executory and continuing, reliance upon its binding effect thus altered and continued by such agreement is a sufficient consideration, for thereby the insured is lulled into security by the assent of the company to such alteration, when otherwise he could have taken other steps for his protection. Ala. State, etc., Ins. Co. v. Long Clothing & Shoe Co., 123 Ala. 667, 676, 26 So. 655.

It is not different from the general rule which pertains to the right to modify any other written executory contract not governed by the statute of frauds. Such rule is that, if the contract is bilateral in its advantages and obligations, it may be modified by mutual agreement before a breach without any other consideration than the mutual assent of the parties, to its continued binding effect upon both of them. Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A. L. R. 981; Gray & Sons v. Satuloff Bros., 213 Ala. 526, 105 So. 666; May v. Robinson, 221 Ala. 570, 130 So. 81.

Whatever may be the effect of a mere notice to the agent of a purpose to change the interest of the insured, and though without more it may be conceded that the agent had the right to assume that, when it should occur, further or additional steps would be taken for the protection of the payee under the terms of the policy, a different result follows if upon such notice the agent makes the express declaration in effect that, notwithstanding such change shall be made, the policy will continue to be effective during the period of its term. Such is the fair interpretation of what the evidence shows that the agent told plaintiff.

█ By an original undertaking parties cannot consent for an insurance contract to extend to one who has no insurable interest, and thereby secure a right in a lienor who has a "loss payable" clause conditioned upon the continued validity of the contract in favor of the insured. American Equitable Assur. Co. v. Powderly Coal & Lumber Co., 225 Ala. 208, 142 So. 37; Id., 221 Ala. 280, 128 So. 225.

In those cases reference was made to Light v. Countrymen's Mut. Fire Ins. Co., 169 Pa. 310, 32 A. 439, 47 Am. St. Rep. 904, in which a distinction is drawn in such a situation from one in which insured had such interest when the policy was written, but later ceased to have an insurable interest. In that case it was said, "It was a valid existing policy at the time of the sale, continued in force by the voluntary agreement of both parties to the time of the fire." So that the policy did not become invalid because the insured ceased to have an insurable interest, since the payee in the loss payable clause did have such interest, and the policy continued in force by mutual agreement for his protection.

There was another insurance policy of $1,200, which the insured had taken out in another company, and it was also payable to plaintiff. There is evidence that it was issued on March 5, 1929, the day on which the indorsement of the "loss payable" was made on the policy sued on. After the fire, plaintiff collected the amount of it. The policy sued on permitted $1,300 as the total coverage and warranted concurrent. Home Ins. Co. v. Morrow, 145 Ala. 284, 39 So. 587. It contained a clause avoiding it if there shall be procured by the insured any other contract of insurance.

█ Plaintiff's evidence of the conversation between him and defendant's general agent, to which we have referred, was that plaintiff then advised the agent that he had an additional contract of insurance for $1,200; that such agent was then soliciting an increase of the amount of the policy carried by defendant. It was with such information so acquired that defendant's agent told plaintiff that the policy was all right, and he would be protected under it until it expired. The breach of the condition was thereby waived. Alabama State Mut. Assur. Co. v. Long Clothing & Shoe Co., supra; 8 Cooley's Briefs on Ins. Supp. p. 3945.

We think the foregoing discussion is sufficient to show our opinion that the assignments do not show reversible error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.