186 So. 551

### TUTTON v. LIVERPOOL & LONDON & GLOBE INS. CO., LIMITED.

#### 7 Div. 527.

Supreme Court of Alabama.

Feb. 9, 1939.

Merrill, Jones & Merrill, of Anniston, for appellant.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellee.

KNIGHT, Justice.

Suit by appellant, plaintiff in the court below, against the Liverpool & London & Globe Insurance Company, Limited, upon a contract of fire insurance. For convenience, we shall hereafter in this opinion refer to the parties as plaintiff and defendant.

After the court had sustained the defendant's demurrers, successively interposed as the pleadings progressed the plaintiff took nonsuit, with appeal upon the record.

It appears from the record that the plaintiff owned a stock of merchandise in the City of Jacksonville, and on the 4th day of April, 1937, the defendant, through its General Agent, issued a policy of insurance to plaintiff covering this stock of merchandise, and insuring plaintiff against loss or injury thereto by fire and other perils mentioned in said policy. It further appears from the pleading that this stock of merchandise was wholly destroyed by fire on, towit, the 5th day of July, 1937, and that the defendant had notice thereof.

To the complaint, consisting of three counts, the plaintiff filed 19 or 20 pleas. The court sustained the plaintiff's demurrer to pleas 11, 12, 16 and 19, but overruled it as to the other pleas.

By its special pleas, the defendant set up a number of breaches of the conditions in the policy.

Plea 13 set up the following provision of the policy contract:

"This entire policy * * * shall be void * * * if the interest of the insured be other than unconditional and sole ownership * * *." It was averred in the plea "that at the time of the fire the interest of the insured in said property

was other than unconditional and sole ownership."

The objection urged against the sufficiency of this plea is that it fails to aver the facts showing in what respect "the interest of the insured in said property was other than unconditional and sole ownership."

The plea, it is true, alleges the breach in general terms, employing the language of the condition, and without setting out in what particular the plaintiff was not the unconditional and sole owner of the property. The plaintiff relies mainly on our recent case of Tarrant Land Co. et al. v. Palmetto Fire Ins. Co., 220 Ala. 428, 125 So. 807, to support her contention that the plea in the respects indicated was insufficient, and subject to her demurrer.

In the Tarrant Land Company case, supra, we held that good pleading required that the pleading should specify the condition claimed to have been violated, and allege the facts relied on as constituting the breach; that a mere allegation of the breach in general terms, using the language of the condition, was not, always, sufficient. We further held that, while it was not necessary to allege all the minute circumstances which the testimony might disclose, the plea should, however, aver the substantial facts, when it is necessary to state them in order to apprise the opposite party of the facts to enable him to make an intelligent answer, and not be taken by surprise.

In the Tarrant Land Company case there was a provision in the policy which avoided it, if any change should take place in the interest, title, or possession of the subject of insurance, and the bill averred that the policy was violated before the loss, in that there was a change in the title, interest, or possession of the subject of the insurance. We held this averment, standing alone, was not a sufficient compliance with good pleading, in that it did not sufficiently apprise the opposite party of what was the change of title, interest, or possession which would be relied on. This case is easily distinguishable from the case at bar. Here the plea charges a fact, viz., that the plaintiff was not, as she represented, the unconditional and sole owner of the property. This averment presented a single, narrow, traversible issue of fact. Either the plaintiff was, or was not the unconditional and sole owner of the property, and, of all persons, the plaintiff knew her title and the extent of it. The plea was sufficient.

Defendant's plea 15, which appears in the report of the case, was nothing more than a bald conclusion of the pleader, giving the plaintiff no information as to how, or in what way, the hazard was increased. The plaintiff was entitled to a statement of the facts relied upon by the defendant to show that the hazard was, in fact, increased, in order that she might be prepared to meet the issue, when properly presented. The court committed error in overruling plaintiff's demurrer to this plea, which aptly pointed out defect of the plea.

The sufficiency of a plea in the language of plea 15 was not, as supposed by counsel for appellee, held to be good by this court in the case of Southern Home Insurance Company of the Carolinas v. Boatwright, 234 Ala. 668, 176 So. 460. The writer of this opinion wrote the opinion in that case, and the question of the sufficiency of the plea was not presented or passed upon. So far as the record in that case, on that appeal, showed, the plea stood without any question as to sufficiency being raised. Issue was joined on it. However, the record of the case on first appeal, Southern Home Insurance Company of the Carolinas v. Boatwright, 231 Ala. 198, 164 So. 102, does disclose such a plea, in the language, substantially, of plea 15 here, and it further discloses a demurrer was filed by the plaintiff to said plea, but it appears that the trial court overruled the demurrer, holding the plea good. However, on the appeal, which was taken by the defendant from a judgment for plaintiff, the sufficiency of the plea was not presented, nor passed upon by the court. So, the plea in question has never received the approval of this court, where its sufficiency was tested by proper demurrer.

We now come to a consideration of the sufficiency of plaintiff's replications to certain of defendant's pleas.

We entertain no doubt whatever as to the sufficiency of plaintiff's replications 6 and 7 as answers to defendant's plea 18. The matters set up by the replications fully met and avoided the matters of defense presented by said plea. Cook v. Continental Ins. Co., 220 Ala. 162, 124 So. 239, 65 A.L.R. 921; Continental Ins. Co. of New York v. Cook, 224 Ala. 703, 138 So. 917. The court committed error in sustaining defendant's demurrers to plaintiff's

replications 6 and 7 as replies to defendant's plea 18.

■ The matters attempted to be set up in replication 8 were clearly provable under plaintiff's general replication, and hence the sustaining of defendant's demurrer to this replication involved no injury to plaintiff.

We now come to consider the sufficiency of plaintiff's replications 9, 10 and 11. We think it necessary to a proper understanding of our conclusions as to the sufficiency of these replications that they be set out in the report of the case.

Under the averments of the replications, we do not doubt that the said Nisbet was the General Agent of the defendant, writing policies of insurance at the place where the policy in question was written and issued.

■ We have heretofore uniformly held that an agent who is authorized "to solicit and receive applications for fire insurance, and, at his discretion, to countersign and issue policies of insurance intrusted to him by the company for that purpose, must be regarded quoad hoc as the general agent of the company." Yorkshire Ins. Co., Limited, v. Gazis, 219 Ala. 96, 121 So. 84, 85; Continental Fire Ins. Co. v. Brooks, 131 Ala. 614, 30 So. 876; Sun Ins. Office of London v. Mitchell, 186 Ala. 420, 65 So. 143.

■ Likewise it is established by numerous decisions of this court that an agent clothed with authority to write policies of fire insurance is a general agent, in so far as to bind the insurer by his waiver of conditions and warranties inserted in the policy for the benefit of the insurer. Aetna Fire Ins. Co. v. Kennedy, 161 Ala. 600, 50 So. 73, 135 Am.St.Rep. 160; Pope v. Glens Falls Ins. Co., 130 Ala. 356, 30 So. 496; National Fire Ins. Co. of Hartford v. Tennessee Land Co., 224 Ala. 113, 139 So. 227; American Ins. Co. v. Inzer, 216 Ala. 553, 114 So. 187; Green v. Westchester Fire Ins. Co., 221 Ala. 344, 345, 128 So. 436; Yorkshire Ins. Co., Limited, v. Gazis, supra.

There is no ground of demurrer taking the point that, under the facts averred in said replications, the said Nisbet was not shown to be a general agent quoad hoc of the defendant, clothed with authority to write fire insurance contracts for the defendant, and to waive conditions in, and forfeitures of, the contracts so written by him for his principal.

■ We are fully persuaded, however, that the statement made by the plaintiff to the defendant's general agent as to how she had kept her books, and as to how she intended to keep them in the future, and what she said about the taking of an inventory, all having been made anterior to, or contemporaneously with the issuance of the policy, were ineffectual, for two reasons, (1) because such oral contemporaneous statements cannot be allowed to alter or vary the terms of the written contract, and (2) not having been incorporated in, and made a part of the policy, section 8371 forbids or excludes all such oral agreements. Globe & Rutgers Fire Ins. Co. v. Pappas, 219 Ala. 332, 122 So. 346; City Mortgage & Discount Co. v. Palatine Ins. Co., Ltd., 226 Ala. 179, 145 So. 490; Pryor v. Gowan, 204 Ala. 257, 85 So. 370.

It is to be noted, however, that the plaintiff, in her replications 9, 10 and 11, does not undertake to avoid the pleas setting up the breaches of the conditions of said policy, relating to the keeping of books, taking inventories and the "iron safe clause" by setting up simply the said anterior or contemporaneous oral representations and statements of the plaintiff to the defendant's general agent, and the implied assent thereto by said agent, but also upon the further averment, in substance, that the plaintiff, after the issuance of the policy, and before any loss had occurred thereunder, informed the said agent of the defendant, who wrote the policy, and who was the defendant's general agent, of how she was conducting her business with reference to taking inventories, keeping books, and the means she was adopting with reference to the safe keeping of said books and inventories.

Replication 9 then concludes, "and the defendant failed for a reasonable time thereafter to assert the forefeiture and did not assert the same until after said loss, that plaintiff, relying upon the policy so issued, continued to run and operate her business as she had been accustomed to, and as she told said agent she was going to with regard to said inventory, until the time the loss sued on occurred. And the plaintiff avers that by reason of the above matters and facts defendant waived and is estopped from setting up as a defense to this action, the condition relied upon as a defense in said plea."

Replication 10 then concludes, "and that the defendant failed for a reasonable time thereafter to assert the forfeiture set out in said plea, and did not assert the same until after loss. And plaintiff avers that by reason of the above matters and facts, defendant waived, and is estopped from setting up as a defense to this action, the condition relied upon as a defense in said plea."

Replication 11 then concludes, "and that defendant failed for a reasonable time thereafter to assert the forfeiture claimed or set out in said plea and did not assert the same until after loss. And plaintiff avers that by reason of the above matters, defendant waived said forfeiture and is estopped from setting the same up as a defense to this action."

In the case of Great American Ins. Co. v. Dover, 219 Ala. 530, 122 So. 658, 660, this court, in an opinion by Sayre, Justice, observed: "While there are some confused and conflicting statements of the doctrine in the adjudged cases, we think the rule is stated in 5 Cooley's Briefs (2d Ed.) 4290, as follows: 'The weight of authority supports the proposition that an insurance company waives or is estopped to assert the violation of the terms of an insurance contract if the company, on being notified of the violation (notified during the life of the policy; that is, before the loss, we take it) remains silent and fails to object or to declare a forfeiture, or cancel or rescind the contract, within a reasonable time,' * * *."

In the case of Alabama State Mutual Assurance Company v. Long Clothing & Shoe Company, 123 Ala. 667, 26 So. 655, 658, it was observed: "A waiver may be founded upon an estoppel, but it is not so necessarily. Though the conduct of the insurer may not have actually misled the insured to his prejudice, or into an altered position, yet if, after knowledge of all the facts, its conduct has been such as to reasonably imply a purpose not to insist upon a forfeiture, the law, leaning against forfeitures, will apply the peculiar doctrine of waiver, invented probably to prevent them, and will hold the insurer irrevocably bound as by an election to treat the contract as if no cause of forfeiture had occurred."

And more recently, in the case of Hartford Fire Insurance Company v. Aaron, 226 Ala. 430, 147 So. 628, 630, it was observed by Foster, J., in writing for the court: "Appellant relies upon a principle asserted in some authorities that there can be no waiver of a forfeiture until the forfeiture has occurred. 26 Corpus Juris, 320 and 282, citing Patterson v. American Ins. Co., 164 Mo.App. 157, 148 S.W. 448. That case is based upon the idea that it would amount to a change in the terms of the contract after its execution, and would require a new consideration to support it. To the same effect is Home Fire Ins. Co. v. Wilson, 109 Ark. 324, 159 S.W. 1113. We have a long line of cases holding that, if conditions, which would constitute a forfeiture under the policy, exist when it is written and which are known to the general agent writing the policy, they are withdrawn as conditions in the policy. Many cases are cited in Yorkshire Ins. Co. v. Gazis, 219 Ala. 96, 121 So. 84; National Fire Ins. Co. v. Tennessee Land Co., 224 Ala. 113, 139 So. 227. Also that, after the issuance of a policy, if there occurs a breach of its conditions before loss, known to the insurer or its general agent, and it fails for a reasonable time to assert the forfeiture, such failure is a waiver of the forfeiture. Alabama State Mut. Assur. Co. v. Long Clothing & Shoe Co., 123 Ala. 667, 26 So. 655."

In the last mentioned case it was expressly held that a "general agent with authority to enter into such contracts may make alterations to the same extent as the insurer could make, while such authority continued. Such contract could be altered or amended by a subsequent parol agreement. * * * It is conceded that an alteration of the contract by subsequent agreement must be based on a consideration. Great American Insurance Company v. Dover, 219 Ala. 530, 122 So. 658.

"But, so long as the contract remains executory and continuing, reliance upon its binding effect thus altered and continued by such agreement is a sufficient consideration, for thereby the insured is lulled into security by the assent of the company to such alteration, when otherwise he could have taken other steps for his protection. Alabama State Mut. Assur. Co. v. Long Clothing & Shoe Co., 123 Ala. 667, 676, 26 So. 655."

█ It fully appears from the replications, now considered, that the insured not only informed the insurer that she was not conducting her business in accordance with the policy provision, but also informed its general agent as to how she was conduct-

ing it with reference to bookkeeping, and inventories, and the means she was adopting to preserve her books and inventories. She also, at the same time, notified the insurer's general agent that she expected to operate her business in the same way in the future. With this knowledge, the insurer made no objections to plaintiff's proposed future conduct with reference to bookkeeping and inventories, nor did it take any steps to cancel the policy, but all the while retained the insurance premiums. Not until the property was destroyed by fire, did the insurer take the position that the policy had become null and void by reason of the breach of said conditions. The defendant, under the facts averred, is estopped from now asserting the forfeiture, provided he received knowledge of said breaches within time to have afforded him reasonable opportunity to assert the forfeiture before the loss occurred.

█ We are of the opinion that replication 9, as a reply to pleas 2 and 3, that replication 10, as a reply to plea 4, and that replication 11, as a reply to plea 5, were each sufficient, except for one defect, common to each of said replications. This defect we will now point out. These replications should have averred the time when it was brought to the knowledge of the defendant that the plaintiff was breaching the conditions of the policy, in order that the court and jury might determine whether the defendant failed for a reasonable time thereafter to assert the forfeiture. The statement "that the defendant failed for a reasonable time thereafter to assert the forfeiture set out in the plea," is but the conclusion of the pleader. This defect in the replication was aptly raised by the demurrer. Brunner v. Mobile-Gulfport Lumber Co., 188 Ala. 248, 66 So. 438; St. Mary's Oil Engine Co. v. Jackson Ice & Fuel Co., 224 Ala. 152, 138 So. 834; Capital Fertilizer Co. v. Ashcraft-Wilkinson Co., 202 Ala. 92, 79 So. 484.

We have considered all questions of merit presented by this appeal.

For the errors pointed out, the judgment of the circuit court must be reversed.

Reversed, nonsuit set aside and the case restored to the circuit court docket, and the cause remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.